**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 98-40354**

---

**J. DAVID BESSMAN, M.D.;**

**Plaintiff-Appellant,**

**v.**

**DON W. POWELL, M.D.; JACK B. APLERIN, M.D.;**
**AND, JERRY C. DANIELS, M.D., PH.D.;**

**Defendants-Appellees,**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
(G-97-CV-1)

---

July 8, 1999

Before HIGGINBOTHAM, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Alleging deprivations of due process and free speech from incidents related to his employment at the University of Texas Medical Branch at Galveston ("UTMB"), Dr. J. David Bessman filed the present suit under state law and 42 U.S.C. § 1983. After limited discovery regarding the qualified immunity of the appellees, the district court dismissed Bessman's claims and awarded attorneys' fees to the appellees. Finding no error, we affirm the district court's grant of summary judgment; however, we vacate the award of attorneys' fees.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bessman is a full professor of hematology in the Hematology/Oncology Division at UTMB, a division of the Department of Internal Medicine. On November 17, 1994, Bessman was the attending physician on the hematology/oncology service, including the T9A Unit. Because he was ill, he was unable to come to work until around 10:00 a.m. Around 9:45 a.m., without Bessman's knowledge, a physician's assistant recommended an invasive medical procedure for a patient and improperly signed a consent form for the procedure. Without Bessman's or any other faculty member's supervision, two inexperienced interns attempted the procedure. The procedure was unsuccessful, and the patient, whose illness was already advanced, died.

An investigation into the incident was initiated by UTMB's Risk Management Office and a separate investigation was begun by Dr. Jerry C. Daniels, Associate Chair for Clinical Affairs in the Department of Internal Medicine. On November 20 and 21, Bessman submitted two narratives regarding the November 17 incident to the Risk Management Office. On December 22, Daniels completed his investigation of the incident. In the report, Daniels criticized Bessman's lack of supervision due to his late arrival and failure to coordinate other supervision for the T9A Unit to cover for his delay. In the wake of Daniels's report, Dr. Don W. Powell, Chair of the Department of Internal Medicine, issued a formal letter of reprimand to Bessman for his conduct during the

November 17 incident and for a separate incident in which he signed out as the on-call hematologist/oncologist on December 23-24, 1994, assigning the on-call post to a physician with no training in the specialty.

Shortly after the two incidents cited in Powell's letter to Bessman, Dr. Jack Alperin, acting Division Chief for the Department of Hematology/Oncology during the relevant period, conducted Bessman's annual review. Alperin forwarded the completed document to Powell for his examination. As he had done on several occasions for Alperin's reviews of employee performance, Powell lowered the scores on Bessman's evaluation.

Following these events, Powell placed a Blue Cross/Blue Shield audit of Bessman's work in his personnel file. The audit was critical of Bessman's performance.

Finally, in late 1996, Bessman was assigned to investigate a patient care incident and draft a Quality Assurance Report. After conducting an investigation, Bessman drafted a report criticizing several actions by hospital employees during the course of the patient's treatment. Based on Bessman's report, Powell requested that Daniels conduct an independent review of the situation. Daniels concluded that Bessman's findings were exaggerated or unsubstantiated.

## II.

These events formed the basis of Bessman's § 1983 claims. Responding to appellees' motion for summary judgment, Bessman

argued that Powell, Daniels, and Alperin engaged in a series of retaliatory acts based on the reports drafted by Bessman following the November 1994 incident and following his 1996 Quality Assurance Report. These retaliatory acts included: (1) Powell's formal letter of reprimand, (2) Powell's devaluation of the scores in Bessman's 1993-94 work evaluation, (3) Powell's placement of the Blue Cross/Blue Shield audit in Bessman's personnel file, and (4) Daniels's actions in conducting the reviews of the November 1994 incident and the 1996 Quality Assurance Report. Bessman maintained that the appellees' conduct violated his free speech and due process rights.

The district court disagreed, granting the appellees' motion for summary judgment. First, the district court dismissed the due process claims because Bessman had failed to establish the deprivation of a liberty or property interest. Second, the district court rejected Bessman's state law claims on sovereign immunity grounds. Third, the district court found that Bessman's statements did not qualify as protected speech under the First Amendment because the statements were made by Bessman primarily in his role as an employee – not regarding a matter of public concern. Alternatively, the district court assumed a prima facie First Amendment claim but, based on the less-than-public nature of Bessman's speech, ruled that no reasonable public official would have known that the complained-of actions would have violated Bessman's constitutional rights.

**4**

On appeal, Bessman questions the district court's rulings. Claiming the Powell letter constituted a reprimand, Bessman maintains that the letter deprived him of constitutionally protected liberty and property interests without procedural due process. Bessman next argues that his speech did reach a matter of public concern – the care of patients in a public hospital. Based on the assumed public nature of the statements, Bessman contends that the actions of the appellees could not be considered objectively reasonable.

## III.

When a district court grants summary judgment, this court reviews the determination de novo, employing the same standards as the district court. See Urbano v. Continental Airlines, Inc., 138 F.3d 204, 205 (5th Cir.), cert. denied, --- U.S. ---, 119 S. Ct. 509 (1998). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 2552-53 (1986); see also Fed. R. Civ. P. 56(c).

A public official performing a discretionary function is entitled to qualified immunity from civil liability unless the official's conduct violates clearly established constitutional or statutory rights of which an objectively reasonable person should have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.

Ct. 2727, 2738 (1982); <u>Coleman v. Houston Indep. Sch. Dist.</u>, 113 F.3d 528, 532-33 (5th Cir. 1997). Qualified immunity determinations involve a two-step inquiry: first, whether the plaintiff has alleged the violation of a clearly established constitutional right, and second, if the right allegedly violated is clearly established, whether the official's conduct was objectively reasonable. <u>See</u> <u>id</u>. at 533.

## IV.

No consequence of Powell's letter to Bessman following the November 1994 incident deprived Dr. Bessman of a constitutional right to liberty or property. <u>See</u>, <u>e.g.</u>, <u>Board of Regents v. Roth</u>, 408 U.S. 564, 573-74, 92 S. Ct. 2701, 2707 (1972); <u>Wells v. Doland</u>, 711 F.2d 670, 676 (5th Cir. 1983) (citing <u>Dennis v. S & S Consol. Rural High Sch. Dist.</u>, 577 F.2d 338, 341 (5th Cir. 1978)). Even if Bessman could demonstrate that he was not given the benefit of a hearing to rebut the letter's accusations – a showing that is unlikely given Bessman's post-letter meeting with Powell – UTMB did not publicly disclose the letter. Bessman's allegations of an impaired property interest are speculative. Moreover, Bessman has cited no authority establishing that a mere reprimand or warning, absent discharge from present employment or some other tangible job detriment together with a strong and false stigma created against a person, may deprive an individual of a protected liberty interest. To the extent we can understand the fuzzy arguments in his brief, we conclude that Bessman has failed to establish his

due process claims.  See, e.g., Siegert v. Gilley, 500 U.S. 226, 233-34, 111 S. Ct. 1789, 1794 (1991); Paul v. Davis, 424 U.S. 693, 709-10, 96 S. Ct. 1155, 1164-65 (1976).

Bessman's First Amendment claims are equally unmeritorious.  Whether or not Dr. Bessman's reports constituted speech protected by the First Amendment, the only actual "retaliation" he alleges was verbal or written.  No job-affecting-actions were taken against him.  Under these circumstances – where both the protected nature of the speech and the viability of retaliation allegations are doubtful – the appellees were entitled to qualified immunity.  Noyola v. Texas Dep't of Human Resources, 846 F.2d 1021, 1025-26 (5th Cir. 1988).  No reasonable official in appellees' position would have known that his actions violated clearly established constitutional law.

V.

For the above-stated reasons, the district court properly dismissed Bessman's claims under § 1983 and his corresponding state law claims.[1]  In addition, although the court's florid opinion may have been more caustic than the occasion warranted, no reversible error is presented by its writing style alone.  And the court did

---

[1] The appellees clearly moved for summary judgment on the state law claims and Bessman chose not to respond.  Bessman has taken the same tack on appeal, arguing only in passing that dismissal of the claims was improper. Absent more substantial argument, this ground of error is waived.  See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 260 n.9 (5th Cir. 1995) ("[T]he failure to provide any legal or factual analysis of an issue results in waiver of that issue.").

not abuse its discretion in the admonitions given to Bessman regarding the filing of a motion for reconsideration.

The district court did err, however, in awarding attorneys' fees <u>sua</u> <u>sponte</u> to the appellees. An award of attorneys' fees to a § 1983 defendant is appropriate only when the asserted claims are "frivolous, unreasonable, or without foundation." <u>Coats v. Pierre</u>, 890 F.2d 728, 733 (5th Cir. 1989). Bessman's claims in this matter, though weak, were sufficiently reasonable to avoid the imposition of attorneys' fees. Accordingly, we affirm the decision of the district court dismissing Bessman's claims and vacate the award of attorneys' fees.

**AFFIRMED IN PART; VACATED IN PART.**