**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-20203
Summary Calendar

MICHELE DIBASSIE,

Plaintiff-Appellant,

VERSUS

HIRSCH & WESTHEIMER, P.C.,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(H-98-CV-3617)

November 27, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM[*]:

Appellant Michele Dibassie appeals from the district court's order granting appellee Hirsch & Westheimer summary judgment. The district court concluded that the summary judgment evidence did not raise a factual issue as to whether Dibassie was fired in violation

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

of the Pregnancy Discrimination Act (PDA) under Title VII.

## I.  BACKGROUND

Hirsch & Westheimer, a Houston law firm, hired Dibassie on January 19, 1998 to serve as the secretary for Eric Lipper, the head of the firm's litigation section.  As a secretary to Mr. Lipper, Dibassie was required to manage Mr. Lipper's fixed and hourly billing, filing, correspondence, and schedule.  She was also required to deliver copies of correspondence to clients when necessary.  Mr. Lipper required Dibassie to work from 8:15 a.m. to 5:00 p.m.

Dibassie did not discover her pregnancy until she began suffering from morning sickness in February of 1998 and did not inform Hirsch & Westheimer until March of 1998.  During her three-month period of employment, Dibassie arrived late for work approximately twenty-two times and was absent on at least six occasions.  Her record for tardiness began the day after she started work, weeks before she discovered that she was pregnant. The office manager discharged Dibassie on April 17, 1998.  Hirsch & Westheimer offered the following reasons for her termination: (1) her number of absences and instances of tardiness; (2) her lack of communication with Mr. Lipper and office personnel on the days she was late; (3) her failure to timely complete billing; (4) her failure to timely file documents; (5) her mismanagement of Mr. Lipper's schedule concerning the time of a deposition; and (6) her failure to send a copy of correspondence to a client.

After receiving her right-to-sue letter from the EEOC in July of 1998, Dibassie filed suit against Hirsch & Westheimer alleging that the firm violated Title VII because the firm fired her becuase she was pregnant. The district judge held that the summary judgment evidence did not raise an issue of fact concerning whether Dibassie showed a prima facie case of discrimination under Title VII and that Hirsch & Westheimer was entitled to judgment as a matter of law.

## II. DISCUSSION

The standard for reviewing a district court's order granting summary judgment is de novo. "Summary judgment is appropriate, when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that no genuine issue of any material fact exists, and the moving party is entitled to judgment as a matter of law." *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 205 (5th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986)). The nonmoving party must designate specific facts showing that there is a genuine issue appropriate for trial. *See id.* The substantive law determines the facts which are material in each case. *See Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 40 (5th Cir. 1996).

The Pregnancy Discrimination Act (PDA) prohibits employers from discriminating against a female employee on the basis of the employee's pregnancy. 42 U.S.C. § 2000e(k). In order to establish

a prima facie case of discrimination through circumstantial evidence, an employee must show (1) she was a member of a protected class; (2) she was qualified for the position she lost; (3) she was fired; and (4) that other similarly situated nonpregnant employees were more favorably treated. *See Urbano*, 138 F.3d at 206 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Once the employee establishes a prima facie case, the burden shifts to the employer to demonstrate a nondiscriminatory reason for the adverse employment action. *See Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2106 (2000). The trier of fact may find for the employee if the employee's evidence, including evidence supporting the employee's prima facie case, establishes that the employer's nondiscriminatory reasons were false and her pregnancy was a determinative fact leading to her termination. *See id*. at 2109.

The paramount issue raised on appeal is whether Dibassie established a prima facie case of discrimination. Specifically, Dibassie's summary judgment evidence must show that other similarly situated employees were more favorably treated.[2] *See Urbano*, 138 F.3d at 206. We affirm the district judge's order granting summary judgment because the evidence, viewed in the light most favorable to Dibassie, fails to establish a genuine issue of fact concerning

[2]Hirsch & Westheimer concede that Debassie satisfied the first three prongs set out in *Urbano*.

4

whether she was similarly situated to other nonpregnant legal secretaries at the firm.

Dibassie argues that other employees had similar records of poor attendance during the three months she was employed with the firm. "The Pregnancy Discrimination Act requires the employer to ignore an employee's pregnancy, but . . . not her absence from work, unless the employer overlooks the comparable absences of nonpregnant employees . . .." *Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 738 (7th Cir. 1994). A poor attendance record alone is a sufficient justification for an employee's termination. *See id.* The fact that Dibassie was absent at least six times and tardy at least twenty times in her three months of employment is not in dispute.[3] The remaining issue is whether the employees with whom she compares herself are similarly situated.

Dibassie suggests that this Court should find that other legal secretaries at Hirsch & Westheimer were similarly situated, even though she offered no evidence to support this conclusion. The undisputed summary judgment evidence shows that each attorney could have different attendance requirements and that several attorneys in fact did allow their employees to work different schedules. The evidence also shows that Dibassie was in her first three months of employment, while other employees with similar attendance records

---

[3]Although the parties dispute the exact number of her absences, Dibassie admits that she was absent at least six times.

had worked for the firm much longer. Given her short term of employment as compared to other employees at the firm and the fact that some attorneys had different attendance requirements, Dibassie's summary judgment evidence does not raise a material fact the employees with whom she compares herself were similarly situated.[4] Because Dibassie offered no evidence to show that she was similarly situated to the other nonpregnant legal secretaries, a jury could not infer that the actual reason for her discharge was discriminatory. *See Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996). Dibassie has not met her burden of establishing a prima facie case.

Dibassie's remaining arguments concern whether or not Hirsch & Westheimer's justifications were mere pretext to her claim of discrimination. Because plaintiff has failed to establish a prima facie case, we need not reach appellant's arguments concerning pretext. *See Reeves*, 120 S.Ct. at 2106. The district judge's order granting summary judgment is affirmed.

AFFIRMED

---

[4]Dibassie's own summary judgment evidence undermines her argument. First, Dibassie admits in her deposition that other attorneys could institute their own work requirements. She did not offer any evidence that the supervising attorneys of the other employees who had poor attendance records had the same requirements as Mr. Lipper. Debassie cites the firm's general attendance policy, which she admits is subject to modification and, in fact, often is modified. Second, and even more indicative of the weakness of her case, Dibassie compares herself to another pregnant legal secretary with similar attendance problems who was not fired.