# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

⋔ 99-50563
Summary Calendar

LAWANDA L BRYANT,

Plaintiff-Appellant,

VERSUS

CITICORP DATA SYSTEMS, INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(SA-97-CV-1410)

November 18, 1999

Before SMITH, BARKSDALE, and
PARKER, Circuit Judges.

PER CURIAM:[*]

Lawanda Bryant appeals an adverse summary judgment on her race discrimination and retaliation claims. Finding no genuine issue of material fact, we affirm.

## I.

Bryant, who is black, was employed as a customer service representative for Citicorp Data Systems, Inc. ("CDSI"). In April 1997, she had a confrontation with her supervisor, Sharon Dreiling. Based on this confrontation and prior lack of professionalism, CDSI placed Bryant on "final corrective action." Bryant sued CDSI pursuant to title VII, alleging that CDSI thereby discriminated against her on the basis of her race and that in "extending" the reprimand, CDSI retaliated against her for filing a complaint.

## II.

We review a summary judgment *de novo*, employing the same standards as did the district court. *See Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 205 (5th Cir.), *cert. denied*, 119 S. Ct. 509 (1998). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also* FED. R. CIV. P. 56(c). An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

### III.

For the first time on appeal, Bryant asserts a claim for racial harassment separate from her claims of discrimination and retaliation. Not only does she present no evidence that such harassment has taken place, but she is barred from raising such a claim for the first time on appeal. *See Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1549 (5th Cir. 1984).

### IV.

Bryant claims CDSI placed her on "final corrective action" because of her race. We articulated the analysis for title VII discrimination cases in *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1089-90 (5th Cir. 1995):

> The plaintiff must establish a prima facie case that the defendant made an employment decision that was motivated by a protected factor. Once established, the defendant bears the burden of producing evidence that its employment decision was based on a legitimate nondiscriminatory reason. The burden then shifts back to the plaintiff to prove that the defendant's proffered reasons were a pretext for discrimination. But, if the defendant has offered a legitimate nondiscriminatory reason for its action, the presumption of discrimination derived from the plaintiff's prima facie case simply drops out of the picture, and the ultimate question is discrimination vel non.

(Internal quotation marks and citations omitted.) Because this case arises on summary judgment, to prevail Bryant need only demonstrate a genuine issue of material fact regarding pretext.

In work-rule violation cases such as this one, Bryant may establish a *prima facie* case by showing either that she did not violate the rule or that, if she did, other employees not of her race who engaged in similar acts were not punished similarly. *See id.* at 1090. Bryant does not deny that she engaged in the unprofessional conduct, and therefore there is no factual dispute regarding violation of a work rule.

Bryant therefore argues that an employee of another race was treated differently under similar circumstances. Loretta Walker, a Hispanic, also had a confrontation with Dreiling and was placed on "formal corrective action," a reprimand one step below that received by Bryant. Walker's treatment does not establish a *prima facie* case of discrimination, however, because the circumstances were not "nearly identical." *See id.* Walker had no history of insubordination or unprofessional conduct, the confrontation did not involve a customer call, and she responded appropriately following the confrontation.

Even accepting, *arguendo*, Bryant's contention that Walker's treatment established a *prima facie* case, she has not established a genuine issue of material fact as to whether CDSI's proffered legitimate nondiscriminatory reason for placing her on final corrective action (namely, the past misconduct and the insubordination to Dreiling) was pretext. There is no evidence either that the proffered reason is false or that race was the real reason for the action, both of which are required for Bryant to prevail. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993); *Mayberry*, 55 F.3d at 1091.

AFFIRMED.

V.

To establish a *prima facie* case of retaliation, Bryant must show that (1) she participated in a statutorily protected activity, (2) she received an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse action. *See Mayberry*, *id*. at 1092. Bryant fails to establish the second component.[1] She contests an "extension" of her final corrective action past the standard six-month period. The evidence indicates that final corrective action affects all CDSI employees in the same manner and that Bryant was treated no differently in this regard.

Further, even if her treatment were considered an extension, such extension did not constitute an adverse effect. Bryant presents no evidence that she was denied any promotion, transfer, or voluntary shift bid after her six-month final corrective action ended. The only demonstrated effect is that she received only fourteen out of fifteen possible first choice vacation days (She received her second choice for the fifteenth day.). An employee cannot maintain a retaliation cause of action unless he has suffered some adverse employment action. *See Watts v. Kroger Co.*, 170 F.3d 505, 511-12 (5th Cir. 1999).

---

[1] Assuming, *arguendo*, that Bryant has demonstrated the second component, she presents no evidence of the thirdSSthat "but for" the complaint, she would not have received the "extension." *See Mayberry*, 55 F.3d at 1092.

**3**