Wilma STOUT, Plaintiff,

v.

BAXTER HEALTHCARE CORPORATION,
Defendant.

No. 4:99CV129–EMB.

United States District Court,
N.D. Mississippi,
Greenville Division.

July 14, 2000.

Ellis Turnage, Cleveland, MS, for Wilma Nicole Stout.

Paula Graves Ardelean, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Baxter Healthcare Corp.

## OPINION

BOGEN, United States Magistrate Judge.

Defendant moves to dismiss this action, or in the alternative, for summary judgment on the ground that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Because the court will consider evidentiary materials outside the pleadings, the motion shall be considered as one for summary judgment. Rule 12(b), Federal Rules of Civil Procedure.

The parties in the above entitled action have consented to trial and entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.

## PROCEDURAL HISTORY

At the case management conference held on November 5, 1999, this case was stayed pending disposition of defendant's motion to dismiss which had been filed prior to the conference on August 25, 1999. After consideration of the motion, and in light of plaintiff's response there-to, the court determined that limited discovery should proceed as to the issues of "whether defendant's probationary policy has a disparate impact on post-partum women, in particular, the facts regarding the number of employees terminated under this policy, and the reasons for such termination, as well as the business necessity of the policy." Order dated November 23, 1999. The court also directed that following this limited discovery period the parties should file supplemental briefs, which they have done, and the matter is now ripe for decision.

## FACTS

Plaintiff was employed by defendant Baxter on May 22, 1998, as a material handler. Complaint, at ¶ 11. Baxter's policy for employees during the probationary period (the first 90 days of employment) provided that more than three absences within the first 90 days of employment would result in termination. Complaint, at ¶ 20. On August 14, 1999, plaintiff had a miscarriage with additional complications requiring a two week absence from work. Complaint, at ¶¶ 12–13. Plaintiff notified her supervisor on August 14, 1999, of her hospitalization, and on August 21 provided a written doctor's excuse for the two week period, but was terminated from her employment with Baxter on that date. Complaint, at ¶¶ 12–14.

## SUMMARY JUDGEMENT

Summary judgment should be entered only if "... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## ISSUES OF LAW

In her complaint, plaintiff alleges unlawful discrimination on the basis of sex and pregnancy under Title VII, 42 U.S.C. § 2000e(k), as amended by the Pregnancy Discrimination Act, particularly that defendant's probationary attendance policy has a disparate impact on a class of women who give birth during the probationary period because they would require at least two weeks recovery and would therefore be terminated.

Title VII makes it unlawful for an employer to discriminate in hiring or firing on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e–2. In 1978 Congress enacted the Pregnancy Discrimination Act to add that "the terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work. ..." 42 U.S.C. § 2000e(k). This statute has been interpreted to provide equal treatment for pregnant women, not preferential treatment. *Urbano v. Continental Airlines, Inc.,* 138 F.3d 204 (5th Cir.1998). The legislative history of the Act supports this interpretation, as Congress specifically stated that the PDA did not require employers to provide sick leave, or to treat pregnant women in any particular manner—employers must simply treat them like they do their other employees with temporary disabilities or illnesses.

Plaintiff claims, however, that all or substantially all of pregnant women who gave birth during the 90 day probationary period would be terminated because they could not return to work within three days, and thus Baxter's policy has a disparate impact on women. In order to prove a disparate impact case, plaintiff must identify a specific employment practice "that can be shown to have a causal connection to a class based imbalance in the workforce." *Urbano,* citing *Anderson v. Douglas & Lomason Co., Inc.,* 26 F.3d 1277, 1284 (5th Cir.1994). Such employment practices may be "facially neutral in their treatment of different groups but ... in fact fall more harshly on one group and cannot be justified on business necessity."

*International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335–36 n. 15, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).

As the court noted in *Urbano,* statistical disparities supporting a claim of imbalance must be "sufficiently substantial" before they raise an inference of discrimination. *Urbano,* at 208, *citing Watson v. Fort Worth Bank & Trust,* 487 U.S. 977, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988) In her supplemental response to the motion to dismiss, plaintiff has provided the court with statistical information from Baxter[1] which establishes that 28 employees were terminated during the probationary period at Baxter's Cleveland facility during the years 1995–1999, of which 19 were female (Exhibit G). Other than the plaintiff, one other female was terminated because of pregnancy (Exhibit A). In the court's opinion, these numbers are not "sufficiently substantial." *See Urbano* (evidence of one other employee similarly treated was not sufficient to withstand summary judgment).

Further, defendant's policy regarding a probationary period during which an employee may be evaluated as to skills and attendance is an obvious necessity to an employer as well as the employee, since both parties are evaluating the performance and terms of the employment.

Plaintiff's argument that pregnant probationary employees should be afforded leave time when other probationary employees are not contradicts the expressly stated purpose of the Pregnancy Discrimination Act, which is to assure that pregnant women "shall be treated the same for all employment-related purposes...." 42 U.S.C. § 2000e(k). Further, although plaintiff is not asserting claims under the Family Medical Leave Act, the court finds it instructive that Congress set a minimum standard for employers to provide leave for pregnant employees only if they had been employed for at least one year and 1250 hours. 29 U.S.C. § 2601, *et seq.* Obviously, Congress, too, recognized that there is an initial period in an employment arrangement before benefits are awarded.[2]

Plaintiff relies heavily upon *Garcia v. Woman's Hospital of Texas,* 97 F.3d 810 (5th Cir.1996) for the proposition that if "all or substantially all pregnant women as a group" would be terminated (or forced to take medical leave as in *Garcia* ) by the employer's policy, then the women would certainly be disproportionately affected by the policy. Of course the pivotal difference in *Garcia* and this case is that Baxter's policy does not affect all pregnant women who work at Baxter, only those persons who are absent more than three days during their probationary period. The proof before the court is that Baxter terminated anyone who for any reason missed more than three days during the first 90 days of their employment. Plaintiff's claim that pregnant females should not be fired during the probationary period for missing three work days, and instead should be given two weeks leave if they have a child during this time, would mandate preferential treatment on the basis of sex which is contrary to the law.[3] Accordingly, defendant's Motion for Summary Judgment will be granted.

1. The court will not consider the report of either expert in its decision since the parties were directed earlier that such information was not necessary to decide the present motion. Order, dated May 12, 2000.

2. As James C. McDonald, Manager of Human Resources at the Cleveland facility, notes in his affidavit, defendant's policy of granting leave to employees who have been employed six months and 1000 hours is considerably more generous than federal law requires (Affidavit of McDonald, Exhibit B to defendant's motion).

3. Indeed, were the court to accept plaintiff's theory of Title VII law pregnant females would be entitled to greater benefits during their probationary period than after they had become permanent employees since everyone must work at least six months before earning leave time.