# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————

m 00-20103
Summary Calendar

————————

MAGGIE BRYANT,

Plaintiff-Appellant,

VERSUS

SOUTHWESTERN BELL YELLOW PAGES, INC.,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-3534)

————————————

September 18, 2000

Before SMITH, BENAVIDES, and
DENNIS, Circuit Judges.

PER CURIAM:*

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Maggie Bryant appeals an adverse summary judgment regarding her title VII retaliation claim. Finding no error, we affirm.

I.

In 1992, Bryant, a black female, began working in the Houston office of Southwestern Bell Yellow Pages, Inc. ("SWBYP") as a Telemarketing Administrator. In 1996, she began work in

Advertising Services, where she supported crews of telemarketing representatives. In February 1998, she sent a letter to Edward Whitacre, CEO of SWBYP's parent company, in which she complained of, *inter alia*, office football pools and general racial discrimination by SWBYP.

In March 1998, two positions for Customer Service Specialist ("CSS") opened in Houston, Texas. Employees wishing to apply for the positions were required to submit a one-page Job Vacancy Request ("JVR") by March 31, 1998. According to company policy and training, an employee is to fill out a JVR, obtain a supervisor's signature, and then submit the form to Human Resources. Bryant filled out a JVR on March 17 and submitted it to Manager Steve Herrera for his signature.[1] Because Bryant's immediate supervisor, George Jolliff, was on vacation, Herrera transferred Bryant's JVR to Jolliff's immediate supervisor, Gale Wickham.

Wickham signed Bryant's JVR on March 17 and immediately gave it to his secretary,[2] who sent it to Jolliff. When Jolliff returned from vacation on March 23, he immediately sent Bryant's JVR back to Bryant with a note questioning whether she had submitted the document to Human Resources. Because Bryant had left for vacation on March 23, however, she did not receive the signed JVR until March 30, when she noted the presence of the JVR and read Jolliff's note, but did not submit the document to Human Resources until after the March 31 deadline.

---

[1] Bryant asserts that a note accompanied the JVR, but she presented no evidence in that regard.

[2] This secretary was a temporary replacement for Wickham's regular secretary.

The two CSS positions were filled by two white female SWBYP employees. Bryant sued SWBYP, alleging race discrimination and retaliation in violation of title VII, 42 U.S.C. § 2000e *et seq.*, and age discrimination in violation of the ADEA, 29 U.S.C. § 621 *et seq.* The court granted summary judgment in favor of SWBYP on all claims, and Bryant appeals the summary judgment on her retaliation claim.

II.

Bryant alleges that, on account of her February 28 letter complaining of race discrimination, local SWBYP management knowingly delayed the submission of her JVR such that she would be precluded from promotion to the CSS position. We review a grant of summary judgment *de novo*, employing the same standards as did the district court. *See Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 205 (5th Cir.), *cert. denied*, 525 U.S. 1000 (1998).

We apply the *McDonnell Douglas* burden-shifting "three step" to title VII claims of unlawful retaliation. *See Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996); *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 337 (5th Cir. 1999). The plaintiff must first prove his *prima facie* case by a preponderance of the evidence. *See id.* If that is successful, the burden of production shifts to the defendant to articulate a legitimate, non-retaliatory reason for the challenged action. *See id.* The burden then shifts back to the plaintiff to offer evidence that the proffered reason is a pretext for unlawful retaliation. *See id.*

To establish a *prima facie* case of retaliation, Bryant must show: (1) that she engaged in activity protected by title VII; (2)

that an adverse employment action occurred; and (3) that a causal connection exists between the participation in the protected activity and the adverse employment action. *See Casarez*, 193 F.3d at 338-39; *Long*, 88 F.3d at 304. Bryant's letter complaining of racial discrimination satisfies the first element, but Bryant fails to demonstrate elements two and three.

Bryant's charge of retaliation rests on the allegedly retaliatory delay by local management in signing her JVR. Bryant is, however, solely responsible for her untimely submission. Bryant possessed the signed version of the JVR on March 30, accompanied by the note of her supervisor querying whether she had submitted the form to Human Resources, and she offers no explanation for her failure to submit that document either on March 30 or on March 31.

The "delaying tactics" of local management did not deny Bryant the opportunity to apply for the CSS position, and therefore Bryant fails to establish an adverse employment action. Moreover, she presented no evidence that local management even knew of her February 28 letter during the JVR process, and therefore she also failed to establish a causal connection between her letter and the alleged adverse action. Bryant therefore fails to satisfy the first element of the *McDonnell Douglas* framework.

AFFIRMED.

3