IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60347
Summary Calendar
_____

ELLEN WATTS,

Plaintiff-Appellant,

versus

ENTERGY OPERATIONS, INC., DON HINTZ,
MIKE BAKARICH, JOSEPH HAGAN, AND MARY SEE,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:99-CV-63-BN
- - - - - - - - - -
January 5, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ellen Watts is a black female who worked for Entergy Operations for approximately ten years. While an employee at Entergy, she applied for a promotion to the Site Administrative Programs Coordinator. Ultimately, Entergy hired a white woman, Karen Rucker, for the position. Rucker had twelve years experience in England doing similar work, and spoke English, German and French. Moreover, Rucker had developed an excellent

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rapport with the people she would be supporting in this new position.  After being denied this promotion, Watts filed this lawsuit.  Watts alleges racial discrimination claiming Entergy failed to promote her on the basis of her race, paid disparate wages on the basis of race and established racially discriminatory working conditions by creating "white jobs" and "black jobs."

In her complaint, Watts alleges Entergy acted in violation of 42 U.S.C. § 1981.  In her appeal, she seemingly analyzes her claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.  As the district court noted and we agree, Watts' claims fail even under the less rigid standards in Title VII.

When a district court grants summary judgment, this court reviews the determination de novo, employing the same standards as the district court. *Urbano v. Continental Airlines, Inc.,* 138 F.3d 204, 205 (5th Cir. 1998). Summary judgment is appropriate when, viewing the evidence  in the light most favorable to the nonmoving party, the record reflects that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-24 (1986).

To establish a prima facie case of racial discrimination claim Watts must show that she suffered an adverse employment action due to her race.  *Chaney v. New Orleans Pub. Facility*

2

*Management*, 179 F.3d 164, 167 (5th Cir. 1999).  After establishing a prima facie case, the burden shifts to Gustafson to articulate a legitimate, nondiscriminatory reason for failing to hire Bunch.   *McDonnell-Douglas v. Green*, 411 U.S. 792, 802-04 (1973). Entergy's burden in this regard "is one of production, not persuasion . . . [and] can involve no credibility assessment."  *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S. Ct. 2097, 2106 (2000).  If Entergy satisfies this burden, the burden shifts back to Watts, who must prove that "the legitimate reasons offered by the defendant [for failing to promote Watts] were not its true reasons, but were a pretext for discrimination."  *Reeves*, 120 S. Ct. at 2104-05.

Assuming, arguendo, that Watts has established a prima facie case of racial discrimination, she has not sustained her burden that Entergy's reason for failing to promote her was pretextual. As held by the Supreme Court, "the ultimate question is whether the employer intentionally discriminated, and proof that the employer's proffered reason is unpersuasive or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason . . . is correct."  *Reeves*, 120 S. Ct. at 2107. "In other words, it is not enough . . . to disbelieve the employer, the fact finder must believe the plaintiff's explanation of intentional discrimination."  *Id.* at 2108.  "A plaintiff's prima facie case, combined with sufficient evidence

3

to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* "This is not to say that such a showing by the plaintiff will always be adequate to sustain a jury's finding of liability. Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact finder could conclude that the action was discriminatory." *Id.*

Entergy's proffered reason for failing to promote Watts was that Rucker was more qualified for the job and had an excellent relationship with the group to which she would be promoted. Watts argues that because she had ten years of experience with Entergy, and Rucker had only seven, she was more qualified. Thus, according to Watts there is a fact issue that should be sent to the jury. We disagree. Watts fails to sustain her burden that the proffered reason is merely pretext and offers no evidence that Watts' race at all influenced the decision.

In regard to Watts' disparate treatment claims - both in Entergy's payment of wages and its creation of a black and white working environment, Watts presents no evidence she or other black workers are paid differently from white workers. She presents no evidence that black employees are held to low skilled jobs, while whites are hired for high skilled jobs. Watts merely asserts that

4

there are fewer black employees than white employees in various positions throughout the company.  There is no evidence that black employees are not hired or are not considered for promotions.  As stated by the district court, Watts' subjective belief that she was discriminated against is not enough to avoid summary judgment. *Grimes v. Texas Dept. of Mental Health*, 102 F.3d 137, 140 (5th Cir. 1996).

Accordingly, we AFFIRM the district court's grant of summary judgment in favor of Entergy.

5