United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-51116
(Summary Calendar)

VAUGHN C. YOUNG,

Plaintiff-Appellant,

versus

MARRIOTT INTERNATIONAL, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(A-01-CV-857-H)

Before DAVIS, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Vaughn C. Young ("Young") appeals from the district court's grant of summary judgment

to her former employer, Marriott International, Inc. ("Marriott") regarding her Title VII and 42

U.S.C. § 1981 claims for racial discrimination. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

From May 1997 until her termination on June 5, 2001, Young, a forty year old African-American female, was employed as a deli attendant at the Renaissance Hotel ("Hotel") in Austin, Texas. The Hotel terminated Young because she failed to ring up a sales transaction in violation of its cash handling procedures. Young's mishap was witnessed by Pat Kennan, an investigator, who posed as an ordinary customer so that he could unobtrusively observe the operation of the Hotel's internal food and beverage outlets.[1] Kennan prepared a report in which he noted that Young's failure to ring up the sales transaction departed from the Hotel procedures. Donna Litchfield, Young's immediate supervisor, conducted an investigation into the matter, suspended Young, and recommended to Linda Postle ("Postle"), the manager of the Hotel, that Young be terminated. Upon Litchfield's recommendation, Postle terminated Young.

Young then filed a discrimination charge against the Hotel with the Austin Human Rights Commission and the Equal Employment Opportunity Commission, alleging that she had been discriminated against on the basis of her race. On December 18, 2001, Young filed this suit alleging that the Hotel discriminated against her on the basis of race in violation of Title VII and § 1981. Young also brought a state law defamation claim, complaining that the Hotel told some of its employees that she had misappropriated funds from the cash register. On July 18, 2002, the Hotel moved for summary judgment. On August, 19, 2002, the district court granted the Hotel's motion for summary judgment on all of Young's claims. Young now appeals.[2]

_____

[1]The Hotel contracted with D&S Investigations, a third-party service to monitor its conditions, services, and procedures.

[2]Young only appealed the district court's summary judgment ruling on her Title VII and § 1981 claims. Although Young claims that the district court erred in denying her motion for

STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*. Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001). Summary judgment is appropriate only when the record indicates "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.

DISCUSSION

Under Title VII, the plaintiff bears the burden of proving a prima facie case of discrimination by a preponderance of the evidence. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801-03 (1973).[3] To establish a prima facie case of discrimination, a plaintiff must prove (1) that she is a member of a protected group, (2) she was qualified for the position she lost, (3) she suffered an adverse employment action, and (4) that others similarly situated were more favorably treated. See Urbano v. Continental Airlines, Inc., 138 F.3d 204, 206 (5th Cir. 1998). If a plaintiff has established a prima facie case of discrimination, the employer must respond with a legitimate, nondiscriminatory reason for its decision. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 ( 1973). If the employer carries this burden of production, the burden shifts back to the plaintiff, who must prove

reconsideration, we will not review this issue because Young did not brief this allegation. See Edmond v. Collins, 8 F.3d 290, 292 n.5 (5th Cir. 1993) ("on appeal, we do not review issues not briefed").

[3]Although Young bases her discriminations claims on both Title VII and § 1981, we will refer only to her Title VII claim in this opinion. "When used as parallel causes of action, Title VII and § 1981 require the same proof to establish liability." Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 403-04 n.2 (5th Cir. 1999).

that the legitimate reasons offered by the employer for its decision were not its true reasons, but were a pretext for discrimination. Id. at 804.

Even assuming that Young has set forth a prima facie case of discrimination, Marriott has proffered a legitimate reason for terminating Young. After reviewing the record, we are persuaded that the Hotel terminated Young because she failed to ring up a sales transaction in violation of its cash handling procedures. Young has not put forth adequate evidence creating a genuine issue of material fact that the reason proffered by Marriott is a pretext for discrimination. Young's profession of innocence and assertion that other non-African-American Hotel employees were not disciplined when they had overages and shortages in their cash register balances do not establish a pretext of discrimination.[4] We agree with the district court that "there is a qualitative difference between having an overage or shortage in one's register balance and having an eyewitness observe an employee fail to ring up a sales transaction as required by Hotel policy." Because the Hotel legitimately terminated Vaughn, we find that district court properly granted summary judgment to Marriott on Vaughn's discrimination claims.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment. AFFIRMED.

---

[4]Although Young maintains that she later rang up the sales transaction and that the Hotel altered the CPR report to conceal this fact, Young's contentions do not change the outcome of this case because she failed to prove that her termination was motivated by racial animus.

4