United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 04-50272
Summary Calendar

_____

ROSEMARY ANN KNIGHT,

Plaintiff - Appellant,

versus

DONALD H. RUMSFELD, SECRETARY, DEPARTMENT OF DEFENSE,
DOD DeCA (DEFENSE COMMISSARY AGENCY) AGENCY,

Defendant - Appellee.

---

**Appeal from the United States District Court
For the Western District of Texas
San Antonio Division
No. SA-03-CV-1114**

---

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:*

Rosemary Knight, pro se, filed suit against her employer alleging sexual discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The defendant filed a motion for summary judgment, which the district court ultimately granted. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Knight was hired by the defendant, in December 2000, as a wage-grade store worker in the commissary at Randolph Air Force Base. She served under a temporary appointment subject to a one year probationary period, which allowed the defendant to terminate her at any time without the use of more stringent procedures. Defendant has a "zero tolerance" policy on sexual harassment.

According to Knight, another store worker, Alvis Cleveland, began making sexually explicit comments to her during work. The summary judgment evidence also shows that several other employees, who witnessed the exchanges between Knight and Cleveland, testified that Knight enjoyed the attention and flirted with Cleveland. On January 23, 2001, Knight informed her supervisor, Gayle McGrath, that Cleveland was sexually harassing her. In her written statement, however, Knight admitted that she, too, had "said things wrong" at times. McGrath also obtained a statement from Cleveland, who stated that he and Knight made the comments to each other but that "maybe he had done things that were wrong."

On January 24, 2001, McGrath forwarded both statements to the Personnel Department with a recommendation that both Knight and Cleveland be terminated due to their admissions of participating in conversations of a sexual nature. On February 1, 2001, termination papers for both Knight and Cleveland were forwarded to McGrath. The stated reason for termination was conduct unbecoming a federal employee. Knight was given her termination letter on February 1.

However, because Cleveland was out sick from February 1 through February 7, he was not given his termination letter until February 8, 2001, when he returned to work.

Knight asserts that she was terminated because of her sex and in retaliation for her complaint of sexual harassment. The defendant argues that Knight was terminated because of the Department's "zero tolerance" policy in conjunction with her own admission of wrongdoing. The district court granted the defendant's motion for summary judgment.

We review the district court's grant of summary judgment de novo. BP Oil Intern., Ltd. v. Empresa Estatal Petoleos de Ecuador, 332 F.3d 333, 336 (5th Cir. 2003). Summary judgment is only proper where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Additionally, all inferences from the record must be drawn in the light most favorable to the non-movant. Matshusita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 587–88 (1986).

To establish a prima facie case of sex discrimination under Title VII, a plaintiff must show "(1) she was a member of a protected class, (2) she was qualified for the position she lost, (3) she suffered an adverse employment action, and (4) that others similarly situated were more favorably treated." Urbano v. Continental Airlines, Inc., 138 F.3d 204, 206 (5th Cir. 1998). The burden then shifts to the employer to articulate a legitimate, non-

3

discriminatory reason for the employment action. Knight asserts that the district court employed the incorrect legal standard when evaluating her case. Specifically, Knight argues that she has direct evidence of retaliation, as evidenced by the fact that she was terminated after she filed her sexual harassment complaint. Knight's argument on this point is unavailing. McGrath's legitimate, nondiscriminatory reason for terminating Knight was that she admitted, in her statement, to wrongdoing. This is not direct evidence of discrimination. Id. In this case, Knight has failed to make a prima facie case of sex discrimination. She has produced no evidence that others similarly situated were treated more favorably. In fact, both Knight and Cleveland, a male, were terminated, evincing their equal treatment under the defendant's policy.[1]

Knight established a prima facie case of retaliation under Title VII. However, where the defendant offers a legitimate, nondiscriminatory reason for the adverse employment action, the burden shifts to the plaintiff to show that the reason offered is pretext for unlawful retaliation. Byers v. Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000). The defendant's summary judgment evidence shows that Knight was terminated for violating

---

[1] Knight argues that Cleveland was treated more favorably because he was fired one week after Knight. This argument lacks merit. Both Knight's and Cleveland's termination papers were prepared on the same day. Cleveland did not receive his until one week after Knight because he was out sick until February 8, 2001.

4

the department's "zero tolerance" policy. Indeed, Knight admitted in a written statement to McGrath that she made inappropriate comments of a sexual nature. Knight also asserts that the district court made improper credibility determinations regarding the defendant's witnesses. The record contradicts this assertion, as it shows that the court relied on Knight's own written statement.

Thus, the burden shifts to Knight to show that the defendant's reason is pretextual. Knight has offered no evidence other than her own bare assertions to show that the defendant's stated reason for her termination was pretextual. See Freeman v. Tex. Dep't of Criminal Justice, 369 F.3d 854, 860 (5th Cir. 2004) (conclusory allegations and unsubstantiated assertions insufficient to create a genuine issue of material fact). The district court's grant of summary judgment in favor of the defendant is **AFFIRMED.**

**AFFIRMED.**