**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-30379
Summary Calendar

LUTHER T OTIS, SR

Plaintiff-Appellant,

VERSUS

BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY, AND AGRICULTURAL AND
MECHANICAL COLLEGE; LESLYE A BASS;
ALBERT A LAVILLE; RON E GARDNER;
MERVIN L TRAIL

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(No. 99-CV-3795-T)

October 19, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luther T. Otis appeals the district court's entry of judgment on his claims for retaliation and constructive discharge. We find no error and affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BACKGROUND

Otis worked for the Louisiana State University campus police at the university's medical center in New Orleans. For six years he and Carl Robertson were posted together at the eye clinic. Robertson in 1998 wrote several letters to the university's board of supervisors complaining of harassment by the chief of police, Leslye A. Bass. Robertson contended that the alleged harassment was motivated by racial animus. Both he and Otis are black; Bass is also black, however. Otis alleged that Bass retaliated against him shortly after Robertson began sending his letters because of his friendship with Robertson. Otis points to four alleged acts of retaliation: (1) discontinuing Otis and Robertson's practice of scheduling their own overtime; (2) requiring that the two remove a microwave and mini-refrigerator from their post; (3) requesting that Otis explain why he took four hours to complete a police report; and (4) assigning Otis to a new shift. Otis went on sick leave beginning mid 1998 and never returned to the university. He resigned his position some 14 months later.

Otis filed suit in district court alleging retaliation for his association with Robertson and for Robertson's having filed an employment grievance. Otis also contends that by virtue of his treatment by Bass and others he was constructively discharged. The district court granted summary judgment against Otis on each claim. Otis made a timely appeal.

DISCUSSION

The standard for reviewing a district court's order granting summary judgment is de novo. "Summary judgment is appropriate, when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that no genuine issue of any material fact exists, and the moving party is entitled to judgment as a matter of law." *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 205 (5th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986)). The nonmoving party must designate specific facts showing that there is a genuine issue appropriate for trial. *See id*.

The district court correctly granted summary judgment on Otis's retaliation claim. To prove retaliation for having lodged an employment grievance, plaintiff must show that he suffered an adverse employment decision. *See Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir. 1997). Adverse employment decisions are limited to certain ultimate employment actions, such as demotions, discharges, and refusals to hire, promote, or grant leave. *See id.* at 707. Adverse employment decisions should be distinguished from those that are not ultimate actions and have no more than a "mere tangential effect on a possible future ultimate decision." *See Mota v. University of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001)(internal quotations omitted). The actions Otis complains of here are

-3-

plainly not the kinds of ultimate employment decisions we have contemplated in retaliation cases. Being asked to remove a microwave oven and mini-refrigerator from his workspace because it looks unprofessional is not in any sense an ultimate action. Requiring Otis and Robertson to confer with Bass before scheduling overtime cannot be said to be an ultimate action either. Nor can a request that Otis explain why it took him four hours to complete a police report. The only action by Bass that might be considered "ultimate" was her decision to assign Otis to a different shift. But this argument too is foreclosed, for we have previously held that a change in an employee's work schedule does not ordinarily represent an adverse employment action. *See Benningfield v. City of Houston*, 157 F.3d 369, 377 (5th Cir. 1998). Furthermore, Otis never labored under his new shift assignment, so he cannot claim that the shift change in fact caused him to suffer an adverse employment action.

The district court also correctly entered judgment against Otis on his First-Amendment retaliation and constructive discharge claims. Like his other retaliation claim, to show retaliation for having participated in a protected First-Amendment activity, Otis must prove that he suffered an adverse employment action. *See Benningfield*, 157 F.3d at 375. Also like his other retaliation claim, here an adverse employment action is akin to an ultimate employment decision (e.g., a discharge,

-4-

demotion, reprimand, etc.). *See id.* at 375. The four allegedly adverse actions that Otis complains of here are the same four he cited in his other retaliation claim. We will not consider a First-Amendment retaliation claim if a similar claim cannot be sustained under Title VII unless the two can be made out on different grounds. *See Hernandez v. Hill Country Tele. Coop., Inc.*, 849 F.2d 139, 142 (5th Cir. 1988). Otis has failed to make such a showing. As for his constructive discharge claim, Otis must prove that a reasonable person in his position "would have felt compelled to resign." *See Benningfield*, 157 F.3d at 378. Again, none of the incidents noted by Otis, even when considered cumulatively, would support a finding that he was laboring in such an environment.

## CONCLUSION

We agree that no genuine issue of material fact exists as to one or more elements in each of Otis's claims. We therefore do not reach the remainder of the bases for upholding the judgment of the district court.

AFFIRMED.