**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 01-30370
Summary Calendar

---

HARTFORD LIFE & ACCIDENT
INSURANCE CO.

                                                    Plaintiff,

versus

BETTY K. WILMORE

                                        Defendant-Appellant
                                           -Cross-Appellee,

versus

ANGELINE BOATRIGHT

                                        Defendant-Appellee
                                           -Cross-Appellant.

---

Appeals from the United States District Court
For the Western District of Louisiana
(No. 99-CV-2033)

---

January 4, 2002

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

   [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff Hartford Life & Accident Insurance Co. brought this interpleader action to resolve competing claims to the proceeds of two insurance polices it issued to Bartley P. Wilmore. The competing parties, Wilmore's mother, Betty K. Wilmore, and his ex-wife, Angeline Boatwright, each moved for summary judgment on their respective claims. The district court concluded that Wilmore's mother was entitled to the proceeds of the accidental death and disability policy, but that Wilmore had failed to effect a change in beneficiaries to the life insurance policy and that Boatwright was therefore entitled those proceeds. We affirm the district court's judgment for Wilmore's mother, but we vacate its judgment for Boatwright and render for Betty Wilmore instead.

### BACKGROUND

Wilmore worked for Albertson's from 1990 until his death in 1999. Through Albertson's, Wilmore obtained accidental death and disability and life insurance policies issued by Hartford. Albertson's acted as the policyholder and administrator to the two plans. The record indicates that up until 1995 Boatwright was listed as the primary beneficiary on both polices and Wilmore's mother, the residual beneficiary. Wilmore and Boatwright divorced in 1996. Shortly before, in a hand-written letter dated May 25, 1995, sent via facsimile, Wilmore requested that Albertson's remove Boatwright as beneficiary to both

policies effective immediately.  Albertson's placed the facsimile in Wilmore's personnel file where it remained until shortly after his death.

The insurance proceeds, $45,000 under life plan and $5,000 under the death and disability plan, were deposited into the registry of the court, and Hartford was dismissed from the action.  Both parties made timely appeals from the judgment of the district court.

## DISCUSSION

Claims disposed of on summary judgment are reviewed de novo. *See Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).  "Summary judgment is appropriate, when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that no genuine issue of any material fact exists, and the moving party is entitled to judgment as a matter of law."  *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 205 (5th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986)).

This matter is governed by the Employee Retirement Income Security Act ("ERISA").  The question who succeeds to benefits from an ERISA-governed plan turns, first, on the plan's plain meaning, and then, second, on ERISA itself and on federal court interpretations thereunder.  *See Brandon v. Travelers Ins. Co.*, 18 F.3d 1321, 1325 (5th Cir. 1994).  With respect to Wilmore's

-3-

life insurance plan, the plan provides that the beneficiary may be changed at any time by "(1) making such change in writing on a form acceptable to The Hartford; and (2) filing the form with the Policyholder."  The district court suggested that the form used to change beneficiaries must be one pre-approved by Hartford, and that Wilmore's facsimile was not such a form.  This interpretation of the life plan is not supported by its plain language, however.  The plan says that the change in beneficiaries must be made on an "acceptable" form.  An acceptable form is one that is "capable or worthy of being accepted."  *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 11 (1981). An "approved" form, on the other hand, is one that has been proven as being correct.  *See id.* at 106.  The plan's use of "acceptable" suggests that some unapproved forms might suffice for changing beneficiaries, a construction more in accord with the plain meaning of the plan.

We note that Albertson's plan administrator testified that Hartford would not have considered Wilmore's facsimile an acceptable form.  But there is no evidence to support her belief as to what the insurance company would or would not have done in this particular situation, and as the administrator herself testified, whether the form is acceptable is a question reserved for Hartford, not Albertson's.  We also note that the administrator testified that it was her department's practice to

send the insured a change-of-beneficiary card after receiving notice of the insured's intent to affect a change. But the record in this case does not indicate whether a card was ever sent or whether Wilmore ever received one or even knew of the department's practice.

There being insufficient evidence to conclude whether Wilmore was in compliance with the life plan's plain meaning, and there being no statutory provisions under ERISA governing change-of-beneficiary procedures,[1] we turn to federal common law and the doctrine of substantial compliance. Substantial compliance is aimed at giving "effect to an insured's intent to comply when that intent is evident." *See Phoenix Mutual*, 30 F.3d at 566. The doctrine requires that "an insured intend to change his beneficiary and that he take positive action to effectuate that intent. . . ." *Id.* at 565. With respect to the life plan, the evidence shows that Wilmore intended to change beneficiaries. His facsimile is addressed to "Albertson's Employee Benefits Department," has "Bartley Wilmore" as the sender, and lists his Social Security number. *See* Letter from Bartley P. Wilmore to Albertson's Employee Benefits Department (May 25, 1995)). It requests that his wife and two step children be removed from his

---

[1] *See Emard v. Hughes Aircraft Co.*, 153 F.3d 949, 957 (9th Cir. 1998); *Equitable Life Assurance Soc. v. Crysler*, 66 F.3d 944, 948 (8th Cir. 1995); *Phoenix Mutual Life Ins. Co. v. Adams*, 30 F.3d 554, 562 (4th Cir. 1994); *Krishna v. Colgate Palmolive Co.*, 7 F.3d 11, 14 (2d Cir. 1993).

-5-

"insurance coverage plan as well as any life insurance benefits effective immediately." *Id.* Although the facsimile does evidence intent to drop Boatwright and her children, we concede that it does not evidence any intent to change the beneficiary to Wilmore's mother. But this deficiency is remedied by Wilmore's mother being the residual beneficiary, "The person designated in a life-insurance policy to receive the proceeds if the primary beneficiary is unable to do so," BLACK'S LAW DICTIONARY 149 (7th ed. 1999)(defining "contingent beneficiary"). We therefore conclude that the above shows Wilmore's intent to replace Boatright and her children with Wilmore's mother as beneficiary to the life plan. We also conclude that Wilmore's facsimile to Albertson's constituted the positive action necessary to effectuate his intent.

We now consider the district court's determination that Wilmore effectuated a beneficiary change to his accidental death and disability plan. That plan permits a change of beneficiary by giving a "written request to the policy holder" and provides that the change takes effect on the date it is executed, "regardless of whether [the insured is] living when the policy holder receives it." The district court concluded that the facsimile, which purported to remove Boatwright from Wilmore's "insurance coverage plan as well as any life insurance benefits," was effective as to the death and disability plan. In light of

that plan's provision for changing beneficiaries, which is less particular than the similar provision contained in the life plan, we agree. As with the life plan, Wilmore's mother was listed as a contingent beneficiary, and this fact, coupled with his evident intent to remove Boatwright, suffices to effect a change in beneficiaries. If Wilmore's purported change was not consistent with the letter of the death and disability plan, then it was certainly in substantial compliance with it. We therefore affirm the district court's determination that Wilmore's mother is entitled to the proceeds of the death and disability plan.

## CONCLUSION

For the foregoing reasons, we VACATE the district court's entry of judgment for Boatwright and RENDER judgment for Betty Wilmore instead. As to the district court's entry of judgment for Wilmore, we AFFIRM.

**APPENDIX**