**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-31372

(Summary Calendar)

_____

AMY BROWN,

Plaintiff - Appellant,

versus

LAKESIDE DENTAL CARE,

Defendant - Appellee.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC No. 00-CV-3108-K

_____

July 8, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Amy Brown filed suit against Lakeside Dental Care ("Lakeside"), alleging racial

discrimination in violation of Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 2000e *et seq.*

(2000).  She also alleges that Lakeside discriminated against her because of her age in violation of

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. §§ 621-634. In response, Lakeside filed a motion for summary judgment, which the district court granted. *See* FED. R. CIV. P. 56(c). The trial court concluded that Brown had failed to establish that Lakeside treated her in a manner different from other similarly situated employees.

Brown began working at Lakeside as a dental assistant in February of 1999. Her position entailed essentially two main duties: preparing dental insurance records and providing general assistance to dentists to whom she was assigned. Dentists at Lakeside began seeing patients at 8:00 A.M. Consequently, Lakeside required its dental assistants to be at work promptly at 8:00 A.M., and recommended that they arrive at 7:45 A.M. to prepare their work stations for the day.

It is uncontested that Brown had problems following this schedule and was frequently late to work. Lakeside's Director of Operations met with Brown in June of 1999 to discuss her repeated tardiness. Despite this meeting, Brown continued to arrive late in the mourning. The following month, Lakeside placed Brown on 90-day probation. Brown signed an "Employee Counseling / Warning Report" indicating that "further absences or tardiness in the next 90 days will result in termination." Brown's tardiness, however, continued. She was late to work sixteen times after being placed on probation. In all, Lakeside's employment records indicate that Brown came to work after 8:00 A.M. fifty-seven times during the eight months that she was employed at Lakeside. Lakeside terminated Brown in October of 1999.

Following her termination, Brown filed suit in federal district court alleging that her termination was the result of race and age discrimination.[1] Specifically, Brown alleged that Lakeside

[1]Brown initially filed a complaint with the Equal Employment Opportunity Commission (EEOC). The EEOC dismissed Brown's claims, finding that there was no evidence supporting her arguments.

treated her differently than three younger, white dental assistants who also arrived late to work, but who were not terminated. The district court granted summary judgment in favor of Lakeside, finding that Brown was unable to establish that Lakeside treated Brown less favorably than other similarly-situated employees on account of her race and age.

We review a district court's grant of summary judgment de novo. *See Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Further, on a motion for summary judgment, we must review the facts in the light most favorable to the non-movant. *Id*. at 324.

Claims of racial discrimination under Title VII, as well as claims of age discrimination under ADEA, are evaluated under the three-part burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973). *See Evans v. City of Houston*, 246 F.3d 244, (5th Cir. 2001) (applying *McDonnell Douglas* to a plaintiff's Title VII and ADEA claims). Under this scheme, a plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. In order for Brown to establish her prima facie case, she must show that (1) she belongs to a protected group; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) that Lakeside treated other similarly-situated employees more favorably than her. *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998). Here, Brown alleges that she was treated differently than other similarly situated younger, white employees who were also frequently late to work, but were not terminated.

Although Lakeside concedes that Brown has established the first three elements of her prima facie case, it argues that Brown's claims fail because she has not presented any evidence that she was treated differently than other similarly-situated employees at Lakeside. Lakeside points out that the other dental assistants Brown cites in her complaint were absent on fewer occasions than Brown. Moreover, Lakeside has also presented evidence showing that it terminated several white dental assistants for excessive tardiness during the period Brown was employed at Lakeside. For instance, Lakeside terminated one nineteen year-old white dental assistant after she was late to work six times while on probation. In contrast, Brown was late to work fifteen times following her placement on probation before she was discharged. Finally, Lakeside presented evidence that Brown's performance reviews were significantly less satisfactory than several other dental assistants who retained their jobs despite their occasional tardiness. In short, the evidence indicates that Lakeside did not treat Brown less favorably than other similarly-situated employees. Thus, Brown has failed to establish a prima facie case of race and age discrimination and her claim was properly dismissed by the district court. *See Urbano,* 138 F.3d at 206.

For the above-mentioned reasons, the decision of the district court is AFFIRMED. We DENY Lakeside's motion for sanctions against Brown.