United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 11, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 05-30648

———————————————

JACK O'NEAL, SR.

Plaintiff-Appellant,

versus

ROADWAY EXPRESS

Defendant-Appellee.

———————————————————————————

Appeal from the United States District Court
For the Eastern District of Louisiana
(No. 2:04-CV-1256)

———————————————————————————

Before REAVLEY, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:*

    Jack O'Neal sued his former employer, Roadway Express, alleging race discrimination and

retaliation in violation of 42 U.S.C. § 1981, 42 U.S.C. § 2000e-5 (Title VII), and Louisiana state law.

Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to have a magistrate judge conduct the

proceedings and enter final judgment appealable directly to this court. O'Neal voluntarily dismissed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

his state law claims, and the magistrate judge granted summary judgment in favor of Roadway on the § 1981 and Title VII claims. O'Neal appeals the grant of summary judgment on his Title VII claims. For the following reasons, we affirm.

## I. Facts and Proceedings

On July 15, 2003, while O'Neal was employed as a truck driver at Roadway, he filed an EEOC charge against his employer. His complaint included allegations regarding a discharge and reinstatement without backpay that occurred between February and June 2003. In particular, he stated that his discharge for outrageous conduct toward a customer was discriminatory and retaliatory. A similarly situated white employee who had used profanity and was argumentative toward a customer was not discharged, but O'Neal who black was discharged. Also, he was fired in retaliation for a grievance he filed two days before his discharge, which alleged discrimination in the job-bidding process. The EEOC issued a right-to-sue letter based on these allegations. In O'Neal's district court complaint, he included the incidents alleged in his EEOC charge as well as a litany of incidents dating before and after the time frame of the incidents alleged in the EEOC charge.

## II. Standard of Review

This court reviews a district court's grant of summary judgment de novo. *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335 (5th Cir. 1995). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In determining whether there is a genuine issue of material fact, all facts must be evaluated in a light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v.*

2

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Analysis

A. Allegations Outside of the Scope of the EEOC Charge

(1) Allegations Dating Prior to the EEOC Charge

Under Title VII, a filing of an EEOC charge is a condition precedent to the right to sue in district court. *See Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990). O'Neal never filed an EEOC charge regarding the incidents alleged in the district court complaint dating prior to the incidents alleged in the EEOC charge. Therefore, they were not ripe for review by the district court. In addition, because 42 U.S.C. § 2000e-5(e)(1) provides that claims must be filed with the EEOC within three-hundred days of the alleged unlawful employment practice, those claims are now time-barred. Had O'Neal put forward a hostile work environment claim, this court could have considered the past allegations under a continuing violation theory. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) ("Provided that an act contributing to the [hostile work environment] claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."). However, the magistrate judge ruled that O'Neal failed to allege or put forward any evidence to support a hostile work environment claim, and O'Neal fails to contest that ruling on appeal.

(2) Allegations Dating After the EEOC Charge

The scope of the inquiry at a court hearing in a Title VII action is not limited to the charge brought before the EEOC; it is limited to the scope of the EEOC investigation that reasonably can be expected to result from the charge. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *see also Young*, 906 F.2d at 179. Because there was no evidence that the EEOC either

3

was constructively or actually aware of the later incidents, the magistrate judge concluded that it was not reasonable to expect that the EEOC would have investigated the incidents alleged to have occurred after O'Neal filed his EEOC charge. O'Neal fails to present any evidence to rebut the magistrate judge's conclusion on appeal. Accordingly, we affirm the magistrate judge's ruling that an EEOC investigation of the later incidents was not reasonably expected based on the original EEOC charge. Therefore, the only incidents before this court on appeal that we will consider as the basis of O'Neal's discrimination and retaliation claims are those alleged in the EEOC charge.

B. *McDonnell Douglas* Analysis

Under the *McDonnell Douglas* burden shifting framework, a plaintiff alleging racial discrimination under Title VII has the initial burden of making a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)*; see also Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004). A plaintiff makes a prima facie case if he establishes that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class or that similarly situated individuals outside the protected class were treated more favorably. *Okoye v. Univ. of Tex. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001). *See also McDonnell Douglas*, 411 U.S. at 802; *Urbano v. Cont'l Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998).

Once a plaintiff has established a prima facie case, the burden of production shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the challenged employment action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant articulates a legitimate reason, then the burden shifts back to the plaintiff to establish that the defendant's reason was pretextual and discrimination was the true motivation. *See Rios v. Rossotti,* 252 F.3d 375, 378 (5th Cir. 2001).

4

O'Neal failed to establish that he was treated less favorably than a similarly situated employee outside a protected class. He was discharged after he acted belligerently toward a customer, leading the customer to demand that O'Neal never return to its premises again. O'Neal asserted that a white employee was not discharged when he was banned from Home Depot after he got into an argument with a Home Depot receiving manager. However, the magistrate judge concluded that O'Neal's evidence that a non-protected employee was not treated in the same fashion was "unsupported conjecture," which was "not competent summary judgment" evidence.

Reviewing the record, we find no evidence to support O'Neal's claim that a white employee was treated more favorably than he was treated. In his deposition, Christopher Rivette, Roadway's New Orleans terminal manager, testified that he had never received a report of a confrontation between a Roadway employee and a Home Depot employee. Rather, he had received one complaint from Home Depot about a white Roadway employee, but the complaint stated that the employee's trailer was dirty and the employee took too long to prepare his trailer for Home Depot's freight to be unloaded. If the employee could not have his freight ready before he arrived at Home Depot, the store did not want him to deliver for them anymore. Because this employee's situation is not analogous to O'Neal's situation—he did not verbally confront and use profanity toward a customer and a Roadway supervisor—this court cannot conclude that similarly situated employees outside of a protected class were treated more favorably than O'Neal. Therefore, O'Neal failed to establish a prima facie case of discrimination.

In addition, even if we assume he established a prima facie case, he presented no evidence to suggest that the legitimate, non-discriminatory explanation for his discharge, *i.e.*, that he was discharged for outrageous conduct toward a customer, was pretextual. O'Neal produced neither

5

direct nor circumstantial evidence that the true motivation for his discharge was discriminatory or retaliatory. Although O'Neal filed a grievance two days before his discharge, the deposition testimony of Rivette and Eric Burleigh, O'Neal's Roadway supervisor, establishes that Roadway's decision to discharge O'Neal was unrelated to the grievance. Roadway simply was waiting for statements from O'Neal's manager and the affronted customer before actually discharging O'Neal. On appeal, O'Neal argues that because there is no evidence other than the testimony of the Roadway decisionmakers to substantiate that the discharge was not pretextual, the grant of summary judgment should be reversed. O'Neal, however, bears the burden of providing affirmative evidence of pretext, and he has failed to do so.

Finally, O'Neal failed to establish a prima facie case of retaliation because of his failure to provide evidence that his grievance led Roadway to discharge him. The record evidence indicates that there was no causation—the discharge could not be in retaliation for the grievance because the decision to discharge O'Neal was made before the grievance was filed. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004) (stating that "a causal link . . . between the protected activity and the adverse employment action" is necessary to present a prima facie case of retaliation).

## IV. Conclusion

The magistrate judge properly concluded that O'Neal failed to raise any issues of material fact and that Roadway was entitled to a judgment as a matter of law. Therefore, we AFFIRM the grant of summary judgment in favor of Roadway.

6