# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2009

Charles R. Fulbruge III
Clerk

No. 09-30329
Summary Calendar

SHELIA ANN GILBERT,

Plaintiff–Appellant,

v.

BROOKSHIRES GROCERY CO.,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:07-CV-1758

Before GARZA, CLEMENT and OWEN, Circuit Judges.

PER CURIAM:[*]

Shelia Gilbert appeals from the district court's grant of summary judgment in favor of Brookshire Grocery Co. (Brookshire), dismissing Gilbert's claim that she was terminated because of her race. We affirm the judgment of the district court.

## I

Gilbert, a black female, served as a deli manager at Brookshire, where she

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had worked since 1998. In May of 2006, a Brookshire customer complained to Kevin Westbrook, Brookshire's store director, that Gilbert had been rude to him. Westbrook sent Gilbert home to "think about her job." A few days later, Westbrook called Gilbert to a meeting with the district deli manager and a human resources representative. At this meeting, Westbrook showed Gilbert two corrective action notices describing two incidents in which customers had complained that Gilbert had been rude to them. Westbrook told Gilbert that she was being terminated for being rude to customers in violation of Brookshire's policy. Gilbert then instituted this action, alleging that she was terminated because of her race.

## II

We review a district court's grant of summary judgment de novo, applying the same standards as the district court.[1] Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[2] When making its determination, the court must draw all justifiable inferences in favor of the non-moving party.[3]

## III

Gilbert argues that Brookshire discriminated against her because of her race when it terminated her employment. Under Title VII, it is unlawful "for an employer–(1) to . . . discharge any individual . . . because of such individual's race."[4] To establish a prima facie case of racial discrimination in employment

---

[1] *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005).

[2] *Id.*

[3] *Id.*

[4] 42 U.S.C. § 2000e-2(a)(1).

under Title VII, an employee must demonstrate that (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was subject to an adverse employment action, and (4) others similarly situated, but not in the protected class, were treated more favorably.[5] If the employee establishes a prima facie case of discrimination, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the termination.[6] If the employer meets this burden, then the burden shifts back to the employee to show that the proffered reason is a pretext for discrimination.[7]

In this case, Gilbert argues that the district court erred when it held that Gilbert had not established a prima facie case for discrimination and, more specifically, when it held that Gilbert failed to present evidence that similarly situated employees were treated more favorably than she was treated. Gilbert points to the case of Bryan Boswell, a day stocker for Brookshire. Boswell, a white male employee, was not fired after a customer complained that he was rude.

We agree with the district court that Boswell was not so "similarly situated" to Gilbert as to create a prima facie case of racial discrimination. In order for employees to be considered similarly situated, an employee alleging discrimination must show that the employees' circumstances, including their misconduct, were nearly identical.[8] Gilbert has provided no evidence that

---

[5] *Urbano v. Cont'l Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998).

[6] *DeCorte v. Jordan*, 497 F.3d 433, 437 (5th Cir. 2007).

[7] *Id.*

[8] *Perez v. Tex. Dep't of Criminal Justice, Institutional Div.*, 395 F.3d 206, 213 (5th Cir. 2004).

Boswell's position, duties, qualifications or pay rate were similar to Gilbert's. Indeed, the customer service requirements of a deli manager and a day stocker would appear to be substantially different. Gilbert has not identified any other similarly situated employee who was treated more favorably, and therefore she failed to provide sufficient evidence to survive a motion for summary judgment.

Brookshire is entitled to summary judgment because Gilbert has not presented a prima facie case for race discrimination. Therefore, it is unnecessary to address whether Brookshire has provided a non-pretextual, legitimate reason for Gilbert's termination.

\* \* \*

For the foregoing reasons, we AFFIRM the judgment of the district court.