# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 4, 2011

Lyle W. Cayce
Clerk

No. 11-50265
Summary Calendar

ROQUE BARRIENTOS,

Plaintiff-Appellant,

versus

CITY OF EAGLE PASS, TEXAS,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC Case No. 5:10-cv-00057-XR

Before KING, JOLLY and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Roque Barrientos appeals the district court's granting of summary judgment in favor of defendant-appellee City of Eagle Pass, Texas ("Eagle Pass") in this gender discrimination case. For the reasons stated herein, we affirm the ruling of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50265

## I. Essential Facts & Procedural History

On May 27, 1997, Eagle Pass employed Mr. Barrientos as an Emergency Medical Technician ("EMT") - Basic / Firefighter. Mr. Barrientos remained employed with the Eagle Pass Fire Department until September 11, 2008 when Mr. Barrientos resigned from the Eagle Pass Fire Department to pursue a career with the United States Border Patrol. Just nine days later on September 20, 2008, Mr. Barrientos resigned from the United States Border Patrol. On October 3, 2008, Mr. Barrientos met with the Eagle Pass City Manager to discuss his re-hiring with the Eagle Pass Fire Department.

On November 4, 2008, the Eagle Pass Fire Chief informed Mr. Barrientos that Eagle Pass required him to take and pass a physical agility test for the EMT/firefighter position. On November 5, 2008, Mr. Barrientos took the physical agility exam which was administered in the City of Del Rio, Texas ("Del Rio") at the Del Rio Fire Department training facility. Although the Texas Commission on Fire Protection ("Commission") recommends that a certified training officer be present during any and all testing, the Del Rio Fire Department training facility did not have, nor did the Eagle Pass Fire Department provide, a certified training officer to be present on the day Mr. Barrientos was administered the physical agility exam.

On March 29, 2009, the Eagle Pass Fire Department hired Denisa Vera as an EMT-Basic. Eagle Pass did not require Ms. Vera to take the physical agility exam prior to being hired. The Eagle Pass Fire Chief contacted Ms. Vera and offered her the position. That same day, Barrientos filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") based on alleged gender discrimination pursuant to Title VII of the *Civil Rights Act of 1964*. 42 U.S.C. Sec. 2000e-2(a) ("Title VII"). Mr. Barrientos alleges that the Eagle Pass City Manager represented to him that his rehiring would be

2

No. 11-50265

considered, though not necessarily to his previous position, since he had only been gone from the Eagle Pass Fire Department for two weeks. Mr. Barrientos further alleges that Eagle Pass did not advertise the position for which it hired Ms. Vera.

Eagle Pass filed a motion for summary judgment on the gender discrimination claim. The district court granted Eagle Pass' motion for summary judgment. Mr. Barrientos appeals.

## II. Standard of Review

We review the district court's grant of summary judgment *de novo,* applying the same standards as the district court. *Burge v. Parish of St. Tammany*, 157 F.3d 452, 465 (5th Cir. 1999). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). A fact issue is "material" if its resolution could affect the outcome of the action. *Id.* When reviewing a summary judgment, we construe all facts and inferences in the light most favorable to the non-moving party. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005).

## III. Analysis

### A.    Title VII of the *Civil Rights Act of 1964*

Title VII of the *Civil Rights Act of 1964* makes it unlawful "for an employer to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's…sex." *See* 42 U.S.C. §2000e-2(a)(1). In deciding cases regarding Title VII violations, the court's

inquiry is "whether the defendant intentionally discriminated against the plaintiff." *See Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Roberson v. Alltell Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004)). A plaintiff can prove intentional discrimination through direct or circumstantial evidence. *Id.*

### 1.    Direct Evidence of Intentional Discrimination

Proving a gender discrimination case by direct evidence requires the plaintiff to submit evidence that, if believed, proves the fact in question without inference or presumption. *Jones v. Robinson Prop. Group*, 427 F.3d 987, 992 (5th Cir. 2005). "To qualify as direct evidence, a comment must be directly related to sex-based animus; proximate in time to the termination; made by an individual with authority over the employment decision; and related to the employment decision." *Krystek v. Univ. of S. Miss.*, 164 F.3d 251, 256 (5th Cir. 1999); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 235 (1989); *Brockie v. AmeriPath, Inc.*, 273 Fed.Appx. 375, 378 (5th Cir. 2008); *Drystek v. University of Southern Mississippi*, 964 F.3d 251, 254 (5th Cir. 1999).

Here, Mr. Barrientos argues that he was discriminated against because two females were hired for part-time EMT positions.    To evaluate such arguments for a case of gender discrimination, the district court would have to make inferences and presumptions, which are not the standard for a direct evidence discrimination case. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2006). However, Mr. Barrientos did not identify any statements, comments, or other assertions by the Eagle Pass City Manager or the Fire Chief for consideration of direct evidence of discriminatory intent against male firefighters. Instead, Mr. Barrientos admits the Fire Chief held no grudges against him.  Mr. Barrientos also admits the Fire Chief never made negative remarks against male firefighters.

No. 11-50265

## 2.    Circumstantial Evidence of Intentional Discrimination

A plaintiff must first create a presumption of intentional discrimination by establishing a *prima facie* case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Reeves v. Sanderson Plumbing Prods.*, *Inc.*, 530 U.S. 133, 142 (2000). The burden on the employer at this stage "is one of production, not persuasion; it 'can involve no credibility assessment.'" *Id.* If the employer sustains its burden, the *prima facie* case is dissolved, and the burden shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) that the employer's reason, is not the only reason for the conduct, and another "motivating factor" is the plaintiff's protected characteristic. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

Circumstantial evidence of discrimination is evaluated under the three-step *McDonnell Douglas* framework. The *prima facie* gender discrimination case requires Mr. Barrientos to establish (1) he is a member of a protected class; (2) he applied for a position; (3) he was qualified for the position; (4) he was not selected for the position; and (5) a person outside the protected class was treated more favorably; in other words, a female was hired instead. *See Davis v. Chevron U.S.A., Inc.* (*Chevron*), 14 F.3d 1082, 1087 (5th Cir. 1994). Failure to physically perform job duties is a legitimate reason for not hiring an individual. *Harris v. West*, 180 F.3d 263 (5th Cir. 1999) (failure to perform the "physical efforts" portion was a legitimate, non-discriminatory reason for non-selection); *see Chevron*, *supra*, 14 F.3d at 1087 (summary judgment in favor of employer against female applicant who was not fit for duty at the time she applied to be oil refinery operator); *Septimus v. University of Houston*, 399 F.3d 601, 610 (5th Cir. 2005) (finding no gender discrimination because employee did not have the

5

requisite management experience for the position); *Smith v. Olin Chemical Corp.*,555 F.2d 1283, 1288 (5th Cir. 1977) (physical fitness tests related to minimum standards of employment are recognized as factors not being discriminatory against age).

Here, Mr. Barrientos applied for a full-time firefighter position as a rehire. The Eagle Pass personnel policy requires all rehires to meet the same criteria of new employees. Eagle Pass' criteria for new employment includes the "ability, education, character, fitness, and the employee's ability to meet the qualifications in the employee's job classifications." The particular firefighter job posting required "skill in performing strenuous work under adverse conditions for an extended period of time." A method of measuring abilities to perform physical requirements of a firefighter involves the passing of an agility test.

### 3.    Similarly Situated

A gender discrimination plaintiff must identify individuals outside the protected class that were "similarly situated" or in "nearly identical" circumstances who were treated more favorably. *Wheeler v. BL Development Corp.*, 415 F.3d 399, 406 (5th Cir. 2005); *Shackelford v. Deloitte & Touche, L.L.P.*, 190 F.3d 398, 405-06 (5th Cir. 1999) (holding that similarly situated means employees with the same position, qualifications, and pay rate); *Gilbert v. Brookshire Grocery Co.*, 354 Fed.Appx. 953 (5th Cir. 2009) (granting summary judgment in favor of employer because employee failed to show how a deli manager and a day stocker are similarly situated).

Within the Eagle Pass Fire Department, there were two positions:  full-time firefighter or part-time EMT. The full-time firefighter position required the passing of an agility test, a firefighter certification, and an EMT certification

while the part-time EMT position only required a certification. The positions differ in work responsibilities in that a part-time EMT does not respond to fires.

Mr. Barrientos compares himself to Ms. Vera, an individual hired in a position different from the one for which he applied. Ms. Vera was hired by Eagle Pass as an EMT, not a firefighter. Mr. Barrientos argues that Eagle Pass hired Ms. Vera as a firefighter. The Fire Chief implemented the part-time EMT position for which he hired Ms. Vera to ensure that emergency services were secured for Eagle Pass. Mr. Barrientos never applied for the part-time EMT position even after learning about the position, so Mr. Barrientos was not similarly situated to Ms. Vera.

## B.    Non-Discriminatory Reason

The issue at the pretext stage is whether Eagle Pass' reason, even if incorrect, was the real reason for not rehiring Mr. Barrientos. *See Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir. 2001). Here, Eagle Pass had a legitimate non-discriminatory reason for not rehiring Mr. Barrientos as a firefighter. Mr. Barrientos took and failed the agility test required of all firefighters. The parties do not dispute this material fact, so no genuine issue of material fact exists.

Both Ms. Vera and Elizabeth De Luna, the female employees Mr. Barrientos argues were treated more favorably, were not similarly situated with Mr. Barrientos. Eagle Pass hired both Ms. Vera and Ms. De Luna as part-time basic EMTs, not as Firefighters / Basic EMTs. Eagle Pass does not require basic EMTs to take a physical agility test. Mr. Barrientos did not apply for either position held by Ms. Vera or Ms. De Luna.

Mr. Barrientos argues that Eagle Pass did not advertise the part-time EMT position. He argues that only Ms. Vera and Ms. De Luna were hired as part-time EMTs. Marcos Kypuros, Joshua Martinez, Eduardo Alvarez, Rogelio

No. 11-50265

Guardiola, and Tony Ocegueda were some of the males who were hired as part-time EMTs.  Mr. Barrientos testified that the Fire Chief did not have gender animus or negative feelings about Mr. Barrientos.  Mr. Barrientos admits the lack of grudges or negative comments by the Fire Chief against males.  In summary, there was no direct or indirect evidence that female firefighters were treated more favorably or that there were any female firefighters in the Fire Department at all.

## IV.  Conclusion

The district court did not err in granting summary judgment in favor of Eagle Pass.  AFFIRMED.